EMILE CONRAD *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Oyster dredging. Laws* 1898, *p.* 102. *Indictment. Allegation of place.*

   An indictment for dredging for oysters in waters of Mississippi Sound less than fourteen feet in depth is not demurrable because of a failure to designate the specific place in the county of the unlawful dredging.

2. SAME. *Witness. Improper remark. Error.*

   A witness cannot put error into a case by an unauthorized remark, not called for by a question or sanctioned by the court, and where such a remark is by the court excluded from the evidence, error cannot be predicated of it.

FROM the circuit court of Harrison county.

HON. JAMES H. NEVILLE, Judge.

Conrad, appellant, defendant in the court below, was indicted under laws 1898, ch. 90, p. 102, for dredging for oysters in waters of Mississippi sound less than fourteen feet in depth. The indictment charged the offense to have been committed in Harrison county, but did not otherwise specify the place. Defendant demurred to the indictment, and for causes ' thereof, among others, specified the following:

2d. Because the depth of the water at the place of the commission of the alleged offense is the most essential element of the offense charged, and the indictment does not state where the alleged unlawful dredging occurred.

3d. Because the court judicially knows that there are at least 540 square miles of salt water in Harrison County, and said indictment fails to allege in what portion of said waters, or to locate with reference to headlands or otherwise, the place at which said alleged dredging in less than fourteen feet of water occurred.

The demurrer was overruled.

On the trial of the case one of the witnesses for the prosecution volunteered the statement to the jury that Conrad had violated the dredging law one hundred times, and another so volunteered the statement that he saw defendant dredging in shoal water after the finding of the indictment. The court below excluded both statements. The defendant was convicted and appealed to the supreme court.

*W. G. Evans, J. I. Ford, Dodds & Griffith* and *T. M. Miller,* for appellant.

The indictment is fatally defective. The public charts show a vast expanse of salt water in Harrison county. The oyster reefs, as the act of the legislature presupposes, lie about in various depths. The act will be read as if it said in terms: "It shall be lawful to dredge for oysters in those places where the reefs lie under water not less than fourteen feet in depth; but unlawful to dredge in those places where the reefs are less than fourteen feet below the surface." Hence "place" is material in describing the particular offense intended to be charged, else no accused person can prepare his defense or know in advance of the actual trial, or until too late to be of benefit, what he must be prepared to meet. In making this statement, we are not to be understood as claiming that absolute certainty of description in this regard is essential; but reasonable certainty, and as to that there can be no difficulty, as will be apparent from the testimony in this cause. It is certainly as easy for the prosecutor to describe a place, although covered by water, as it is to prove the depth at a given place. Shore bearings and ap-

proximate distance from given points on shore are sufficient. When this is done the accused can send disinterested persons to the spot indicated, and, by having them take soundings, prepare to meet the issue.

Otherwise he must, in general, be at the mercy of designing prosecutors, who will keep secret the spot where they intend to locate the offense, until all opportunity is lost to meet them on even terms. These considerations would seem to be enough to lead the impartial mind to declare that simple justice (such as the constitution, the bill of rights, had in view) requires the place to be alleged and proved in prosecutions of this character. From the very nature of the case the offense is bound to be rather local than transitory.

The act of the legislature under which this indictment was found, was intended to deal with natural oyster beds, which are defined to mean "any shoal, reef, or bottom where oysters are found growing in a mass or stratum, and in sufficient quantities to be valuable to the public." *State* v. *Willis,* 104 N. C., 764. There is no special difficulty in describing the places where such reefs, shoals, or bottoms are, and, without such description, there is no certainty in the indictment, nothing that can be pleaded to and leave room for a fair trial.

When place is matter of essential description, it must be truly and particularly stated. *State* v. *Cotton,* 24 N. H., 143.

In a prosecution for obstructing navigation by casting ballast, *et cetera,* into the Little Kanawa River, at the district of West Virginia, an indictment is bad which, although following language of the statute, does not give notice with sufficient clearness to the defendant of the particular spot where the alleged offense was committed." *United States* v. *Barnes,* 54 F. R., 317. That is a well considered case, and quite in point.

If the statute prohibited dredging in all the waters of the county, then the offense might be considered transitory, and averment of place immaterial and unnecessary, but as dredging is only prohibited at those places where the oysters lie in

less depth of water than fourteen feet, it will at once appear that the averment of place is material and necessary.

The clear weight of the evidence was on the side of the defendant, and he never would have been found guilty but for the unfair and willfully bad conduct of the witnesses McDonald and Lang. Certainly a court of justice should not be content with a cold order essaying to strike out such testimony. A result, produced in such manner, obliging a poor man to pay a fine equal to his year's earnings, should not be permitted to stand.

*Monroe McClurg,* Attorney-General, for appellee.

Especial stress is laid upon what counsel characterize as volunteer statements by vindictive witnesses. The record does not support the imputation cast upon the state's witnesses.

With great adroitness counsel reset the statute, and then proceed to make their several objections applicable. It is most unreasonable to construe any criminal statute, the very nature of which is prohibitory, as conferring a right to do a thing. The law (1898) restricts many rights which theretofore existed; it expressly reserves some right by limiting the power of the counties in passing regulations, but in no sense undertakes to say it shall be lawful to dredge anywhere. It plainly says that it shall be unlawful to dredge or drag in water less than fourteen feet deep.

The law prohibiting dredging or dragging in less than fourteen feet of water is not only general as to all persons alike, but is general as to all places alike. It is not permissible to construe exceptions with reference to particular places into the statute. There may be charts in existence showing location of the reefs, but they are not in the evidence in this case, and it is not believed that there is any rule requiring the courts to take judicial notice of them. The statute intends to protect the reefs, of course, but also oysters anywhere in the water by keeping the dredges and dragging out of shallow water. Never-

theless, the conviction in this case is grounded upon testimony that the appellant fished in places less than fourteen feet deep. So, according to his own contention, the verdict is correct.

TERRAL, J., delivered the opinion of the court.

Captain Conrad was indicted in the circuit court of Harrison county for fishing for oysters by dredging in water less than fourteen feet in depth, and from a conviction therefor he appeals. He objected to the indictment because it did not locate, with reference to headlands or otherwise, the place of said unlawful dredging. His objection, however, was overruled.

1. It appears from the evidence that the dredging of oysters by Captain Conrad was done within a mile and a half south by west from the factory of the Pass Packing Company, located at or near the town of Pass Christian, about the middle of April, A.D. 1901; and it is quite evident from the record that the defendant suffered no harm from the want of more specific location of the waters in which the alleged dredging is shown to have been done. It appears from the evidence contained in the record that the waters of the Mississippi Sound, in Harrison county, are of various depths, and that small areas of water of fourteen feet and more in depth exist among other ares less than fourteen feet in depth. Yet we are of the opinion that there is nothing in the nature and character of the offense which requires that the indictment should locate by headlands, or otherwise, the specific part of Mississippi Sound, in Harrison county, in which the offense was committed. The principal witness for the state says that on the day that the appellant was dredging for oysters upon the public reefs near Pass Christian, the said witness was dredging for oysters within the same waters, and this induced the jury to believe that he was acquainted with the depth of the waters fished in.

2. Certain objectionable remarks of the witnesses Lang and McDonald are excepted to, and it cannot be denied that such remarks were improper, and possibly injurious. But the court

promptly excluded the remarks from the consideration of the jury, and thereby, so far as it could, undid the mischief wrought. In Michigan, in a case in this respect somewhat similar to the one before us, the court said that the conviction of the defendant was to be tested only by the rulings of the court. From that case, as pertinent here, we quote: "A witness cannot put error into a case by an unauthorized remark, neither called out by a question nor sanctioned by the judge; and, if what he does or says improperly is likely to do mischief, it is presumed the judge will apply the proper corrective in his instructions, if requested to do so. In this case he applied it on the instant so far as ruling out the improper statement could do so, and no doubt he would have given specific caution to the jury if requested. But it is clear that such fault as there was in this case was that of the witness. The rulings of the court were correct." *People* v. *Mead,* 50 Mich., 228 (15 N. W., 95).

We find nothing in the record to justify us in disturbing the conviction of the appellant.

*Affirmed.*